AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
JIANDONG CHEN (2)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:24-CR-01317-RSH

Ryan T. Mardock
Defendant's Attorney

**USM Number** 14661-506

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s) 2 of the Indictment

☐ was found guilty on count(s)
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1956(h); 18:981(a)(1)(C), 982(a)(1), 982(a)(2)(A), 2328, 28:2461(c) - Conspiracy to Launder Money Instruments | 2 |

The defendant is sentenced as provided in pages 2 through **19** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) Remaining count is dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed
–

☐ JVTA Assessment*: $
-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine ☒ Forfeiture pursuant to order filed 9/8/2026 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 13, 2026
Date of Imposition of Sentence

HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
78 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:

Incarceration in the Western region to facilitate family visits

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

- ☐ at ____________ A.M. on ____________
- ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ on or before
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

1. If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.

//

**RESTITUTION**

The defendant shall pay restitution in the amount of $5,344,536.56 through the Clerk, U.S. District Court.

Restitution in the amount of $5,344,536.56 to be paid to the victims outlined in the attached Victim Restitution Table through the Clerk, U.S. District Court. Payment of restitution shall be forthwith. During any period of incarceration, the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $1,000 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

# FINANCIAL ADDENDUM

## Victim Restitution Table
## (Public Version)
## (Updated)

| Victim # | Victim (Initials) | Amount |
|---|---|---|
| 1 | D.M.W. | $40,000.00 |
| 2 | S.F.L. | $14,500.00 |
| 3 | S.D. | $14,630.00 |
| 4 | C.M.C. | $30,000.00 |
| 5 | C.M.H. | $30,000.00 |
| 6 | P.J.S. | $8,000.00 |
| 7 | G.Vav. | $12,000.00 |
| 8 | T.M.M. | $33,500.00 |
| 9 | F.D.R. | $12,000.00 |
| 10 | J.W.E. | $11,000.00 |
| 11 | R.F.Z. | $60,000.00 |
| 12 | M.T. | $13,400.00 |
| 13 | M.M.G. | $9,200.00 |
| 14 | L.L. | $9,300.00 |
| 15 | C.J.A. | $6,000.00 |
| 16 | S.A.P. | $19,700.00 |
| 17 | L.W. | $25,000.00 |
| 18 | B.C. | $28,700.00 |
| 19 | L.L.K. | $15,000.00 |
| 20 | B.H. | $9,200.00 |
| 21 | F.M.W. | $18,800.00 |
| 22 | M.M. | $19,300.00 |
| 23 | N.G. | $13,800.00 |
| 24 | P.F. | $34,700.00 |
| 25 | S.Bo. | $32,600.00 |
| 26 | L.R.S. | $20,000.00 |
| 27 | J.J.B. | $20,000.00 |
| 28 | K.E. | $20,000.00 |
| 29 | L.K.O. | $10,000.00 |
| 30 | T.G. | $35,000.00 |
| 31 | C.J.W. | $15,800.00 |
| 32 | A.M.J. | $9,600.00 |
| 33 | L.H. | $14,900.00 |
| 34 | N.F.L. | $22,500.00 |
| 35 | F.R. | $14,500.00 |

| Victim # | Victim (Initials) | Amount |
|---|---|---|
| 36 | J.W.W. | $19,200.00 |
| 37 | C.D.R. | $15,000.00 |
| 38 | M.J.Y. | $49,300.00 |
| 39 | J.A.G. | $18,700.00 |
| 40 | B.S. | $20,000.00 |
| 41 | M.Apa. | $24,000.00 |
| 42 | T.E.W. | $11,000.00 |
| 43 | C.R. | $40,000.00 |
| 44 | S.N. | $8,500.00 |
| 45 | P.Ma. | $14,450.00 |
| 46 | G.K. | $19,000.00 |
| 47 | B.R. | $29,200.00 |
| 48 | E.H. | $12,500.00 |
| 49 | R.Lo. | $15,000.00 |
| 50 | C.D. | $15,100.00 |
| 51 | S.M. | $9,700.00 |
| 52 | M.E. | $7,600.00 |
| 53 | L.C. | $5,600.00 |
| 54 | D.LaG. | $10,440.00 |
| 55 | A.M. | $20,000.00 |
| 56 | C.Lem. | $10,000.00 |
| 57 | J.L. | $20,000.00 |
| 58 | S.G. | $15,000.00 |
| 59 | B.F. | $15,000.00 |
| 60 | M.B. | $30,000.00 |
| 61 | E.W. | $25,000.00 |
| 62 | J.A. | $9,300.00 |
| 63 | L.S. | $28,150.00 |
| 64 | J.Ke. | $15,000.00 |
| 65 | F.Ca. | $14,500.00 |
| 66 | J.N. | $10,000.00 |
| 67 | J.Pe. | $13,000.00 |
| 68 | R.M. | $9,000.00 |
| 69 | D.D.K. | $28,800.00 |
| 70 | F.T. | $14,500.00 |
| 71 | D.S. | $20,000.00 |
| 72 | J.Cl. | $18,600.00 |
| 73 | C.S. | $39,000.00 |
| 74 | N.R. | $8,200.00 |
| 75 | G.C. | $33,100.00 |
| 76 | T.F. | $11,000.00 |

| Victim # | Victim (Initials) | Amount |
|---|---|---|
| 77 | M.H. | $26,000.00 |
| 78 | A.S. | $9,300.00 |
| 79 | L.Mi. | $15,000.00 |
| 80 | C.La. | $14,200.00 |
| 81 | M.Os. | $15,000.00 |
| 82 | P.H. | $15,000.00 |
| 83 | A.A.P. | $10,800.00 |
| 84 | D.J.H. | $12,000.00 |
| 85 | L.Kra. | $9,800.00 |
| 86 | G.V. | $15,000.00 |
| 87 | J.F.J. | $25,000.00 |
| 88 | O.M. | $29,500.00 |
| 89 | C.Wh. | $4,000.00 |
| 90 | D.M.N. | $6,000.00 |
| 91 | G.F. | $30,000.00 |
| 92 | J.C. | $39,800.00 |
| 93 | E.E. | $47,000.00 |
| 94 | W.Y. | $5,000.00 |
| 95 | E.B. | $19,500.00 |
| 96 | R.G. | $20,000.00 |
| 97 | P.A.M. | $7,600.00 |
| 98 | J.Kr. | $8,900.00 |
| 99 | R.C. | $6,500.00 |
| 100 | H.Ho. | $10,000.00 |
| 101 | D.A. | $5,000.00 |
| 102 | F.C. | $15,000.00 |
| 103 | H.L.N. | $10,000.00 |
| 104 | S.A.Z. | $21,000.00 |
| 105 | C.B. | $5,000.00 |
| 106 | B.J.R. | $11,500.00 |
| 107 | C.J.N. | $10,000.00 |
| 108 | H.H. | $15,000.00 |
| 109 | K.Z. | $7,300.00 |
| 110 | T.Mo. | $6,400.00 |
| 111 | J.H. | $14,300.00 |
| 112 | D.C. | $8,800.00 |
| 113 | P.C. | $19,800.00 |
| 114 | J.T.N. | $10,000.00 |
| 115 | R.L. | $15,000.00 |
| 116 | J.E.L. | $30,900.00 |
| 117 | B.A. | $10,200.00 |

| Victim # | Victim (Initials) | Amount |
|---|---|---|
| 118 | L.K. | $20,000.00 |
| 119 | S.F. | $14,600.00 |
| 120 | J.St. | $8,800.00 |
| 121 | C.W. | $7,600.00 |
| 122 | D.F. | $19,400.00 |
| 123 | R.D. | $10,000.00 |
| 124 | L.M. | $33,400.00 |
| 125 | C.H. | $5,400.00 |
| 126 | D.E.D. | $15,000.00 |
| 127 | J.Sh. | $20,000.00 |
| 128 | J.M. | $20,000.00 |
| 129 | T.K.B. | $4,400.00 |
| 130 | M.J. | $10,000.00 |
| 131 | V.F. | $9,700.00 |
| 132 | R.J.H. | $5,000.00 |
| 133 | K.D. | $40,000.00 |
| 134 | M.J.H. | $6,500.00 |
| 135 | S.A.L. | $10,000.00 |
| 136 | D.E. | $5,500.00 |
| 137 | J.W. | $15,000.00 |
| 138 | K.B. | $16,820.00 |
| 139 | G.B. | $10,000.00 |
| 140 | P.K. | $17,000.00 |
| 141 | M.L.B. | $9,000.00 |
| 142 | K.O. | $8,100.00 |
| 143 | W.L. | $40,000.00 |
| 144 | F.G. | $11,600.00 |
| 145 | M.C. | $20,000.00 |
| 146 | A.A. | $17,000.00 |
| 147 | P.G. | $10,000.00 |
| 148 | D.K. | $9,500.00 |
| 149 | C.O. | $9,300.00 |
| 150 | P.S. | $14,600.00 |
| 151 | E.K. | $14,700.00 |
| 152 | V.W. | $9,500.00 |
| 153 | R.P. | $7,000.00 |
| 154 | B.Z. | $9,800.00 |
| 155 | F.F. | $109,000.00 |
| 156 | S.Z. | $9,100.00 |
| 157 | T.M. | $23,457.99 |
| 158 | S.D.G. | $17,000.00 |

| Victim # | Victim (Initials) | Amount |
|---|---|---|
| 159 | J.T. | $14,300.00 |
| 160 | M.A. | $8,000.00 |
| 161 | C.L. | $4,700.00 |
| 162 | S.O. | $9,300.00 |
| 163 | J.K. | $10,500.00 |
| 164 | N.B. | $13,000.00 |
| 165 | S.B. | $11,700.00 |
| 166 | H.S. | $8,100.00 |
| 167 | M.O. | $14,600.00 |
| 168 | G.E. | $19,800.00 |
| 169 | G.S. | $15,000.00 |
| 170 | D.P. | $10,000.00 |
| 171 | J.P. | $9,800.00 |
| 172 | P.Mo. | $14,750.00 |
| 173 | A.L. | $307,500.57 |
| 174 | R.H. | $11,300.00 |
| 175 | R.R. | $25,000.00 |
| 176 | S.C. | $20,000.00 |
| 177 | B.Ha. | $11,500.00 |
| 178 | P.S.J. | $9,600.00 |
| 179 | A.Le. | $246,000.00 |
| 180 | A.La. | $9,000.00 |
| 181 | M.Ga. | $10,000.00 |
| 182 | K.M. | $9,000.00 |
| 183 | F.H.M. | $10,000.00 |
| 184 | L.Le. | $133,468.00 |
| 185 | A.K. | $139,700.00 |
| 186 | D.W. | $9,300.00 |
| 187 | K.K.M. | $53,500.00 |
| 188 | B.Al. | $20,000.00 |
| 189 | D.Fl. | $15,000.00 |
| 190 | R.B. | $30,000.00 |
| 191 | R.K.H. | $10,300.00 |
| 192 | G.Bo. | $9,700.00 |
| 193 | T.O. | $14,700.00 |
| 194 | J.Mu. | $10,000.00 |
| 195 | P.Bo. | $19,000.00 |
| 196 | B.P. | $19,000.00 |
| 197 | S.Be. | $30,000.00 |
| 198 | S.Da. | $49,000.00 |
| 199 | D.R. | $415,000.00 |

| Victim # | Victim (Initials) | Amount |
|---|---|---|
| 200 | F.Cay. | $14,500.00 |
| 201 | C.M. | $10,000.00 |
| 202 | L.Ma. | $24,500.00 |
| 203 | S.S. | $37,900.00 |
| | **SUM** | **$5,344,536.56** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JIANDONG CHEN (2),
Aka "Little Tiger,"

Defendant.

Case No. 24-CR-1317-RSH

PRELIMINARY ORDER OF CRIMINAL FORFEITURE

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title and interest in property of Defendant JIANDONG CHEN, aka "Little Tiger", ("Defendant"), pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2328(a) and Title 28, United States Code, Section 2461(c) as any property, real or personal, which constitutes or is derived from proceeds traceable to the violation and any equipment, software, or other technology used or intended to be used to commit or to facilitate the commission of the offense of Title 18, United States Code, Sections 1349 and 2326 as set forth in Count 1 of the Indictment; and pursuant to Title 18, United States Code, Section 982(a)(1) as any property, real or personal, involved in the offense, and any property traceable to such property as set forth in Count 2 of the Indictment, alleging a violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h); and

WHEREAS, on April 02, 2026, Defendant pled guilty before Magistrate Judge Michelle M. Pettit to the offenses set forth in Counts 1 and 2 of the Indictment, which pleas included consent to the forfeiture allegation of the Indictment, an agreement to forfeit to the United States the amount of $27,000,000.00 in the form of a forfeiture money judgment representing proceeds traceable to the violation set forth in Count 1 and the money involved in the offense set forth in Count 2, which forfeiture shall be included and incorporated as part of the judgment in this case, and agreed to forfeit all properties seized in this case, including but not limited to the following, which Defendant agrees is forfeitable to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1) and Title 28, United States Code, Section 2461(c):

a. $14,020.00 in U.S. Currency;
b. 3,240 Chinese Yuan converted to $405.65 in U.S. Currency;
c. Jaxxon costume silver chain with glass stones;
d. Gold Cartier wedding band, size 12;
e. Ballon Bleu de Cartier 18K rose gold watch with automatic caliber 1853;
f. Patek Philippe Twenty 4 watch with quartz caliber E15;
g. 18K white gold Cartier Juste un Clou bracelet;
h. Santos de Cartier 18K gold bracelet;
i. Jaxxon costume chain bracelet with glass stones;
j. 18K rose gold Cartier Juste un Clou bracelet;
k. Costume bracelet;
l. Silver Louis Vuitton chain link necklace;
m. Louis Vuitton backpack, black & gray, missing one strap;
n. Goyard tote, black;
o. Louis Vuitton soft trunk wallet, black;
p. Hermes Birkin handbag, gold;
q. Louis Vuitton shoulder bag & wallet insert, brown monogram;

r. Christian Dior Plan de Paris Book Tote, white & gold;

s. Balenciaga handbag, denim monogram;

t. Bottega Veneta camera bag, black;

u. Goyard Backpack, black;

v. Hermes Taurillon Clemence Picoton, gold;

w. Hermes handbag, black; and

WHEREAS, on April 28, 2026, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the admissions of Defendant set out in the plea agreement, the financial addendum, and guilty pleas, the Court hereby determines that the $27,000,000.00 forfeiture money judgment represent proceeds of the offense set forth in Count 1 and properties involved in the offense set forth in Count 2; and

WHEREAS, by virtue of said guilty pleas and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the form of a forfeiture money judgment against him in the amount of $27,000,000.00 as well as forfeiture of the above referenced specific properties, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the $27,000,000.00 forfeiture money judgment, the above-described specific properties, and the offenses of conviction; and

WHEREAS, by virtue of said guilty pleas, the United States in now entitled to possession of the above-described specific properties, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c); and

WHEREAS, in addition to the forfeiture of the specifically described properties the Defendant has agreed to pay directly to the United States the additional

$27,000,000.00 forfeiture money judgment and further agrees that the provisions for the substitution of assets as provided in 18 U.S.C. § 982(b) exist and that the United States may take actions to collect the forfeiture; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above described specific properties, which are hereby found forfeitable by the Court pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c); and

WHEREAS, the United States, having submitted the Order herein to the Defendant through Defendant's attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based on the guilty pleas to Counts 1 and 2 of the Indictment, Defendant JIANDONG CHEN, aka "Little Tiger" shall forfeit to the United States the sum of $27,000,000.00 in the form of a personal forfeiture money judgment against Defendant pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c) representing proceeds traceable to the violation set forth in Count 1 and the money involved in the offense set forth in Count 2. Defendant is directed forthwith to remit to the United States $27,000,000.00 to pay the forfeiture money judgment. The forfeiture money judgment is in favor of the United States against Defendant JIANDONG CHEN, aka "Little Tiger" in the amount of $27,000,000.00, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing.

2. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

3. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $27,000,000.00 to satisfy the forfeiture money judgment in whole or in part.

4. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture money judgment.

6. Based on the guilty pleas of the Defendant, the United States is hereby further authorized to take custody and control of the following specific properties and all right, title, and interest of Defendant JIANDONG CHEN, aka "Little Tiger" in them are hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

a. $14,020.00 in U.S. Currency;
b. 3,240 Chinese Yuan converted to $405.65 in U.S. Currency;
c. Jaxxon costume silver chain with glass stones;
d. Gold Cartier wedding band, size 12;
e. Ballon Bleu de Cartier 18K rose gold watch with automatic caliber 1853;
f. Patek Philippe Twenty 4 watch with quartz caliber E15;
g. 18K white gold Cartier Juste un Clou bracelet;
h. Santos de Cartier 18K gold bracelet;
i. Jaxxon costume chain bracelet with glass stones;
j. 18K rose gold Cartier Juste un Clou bracelet;
k. Costume bracelet;
l. Silver Louis Vuitton chain link necklace;
m. Louis Vuitton backpack, black & gray, missing one strap;
n. Goyard tote, black;
o. Louis Vuitton soft trunk wallet, black;
p. Hermes Birkin handbag, gold;
q. Louis Vuitton shoulder bag & wallet insert, brown monogram;

r. Christian Dior Plan de Paris Book Tote, white & gold;

s. Balenciaga handbag, denim monogram;

t. Bottega Veneta camera bag, black;

u. Goyard Backpack, black;

v. Hermes Taurillon Clemence Picoton, gold; and

w. Hermes handbag, black.

7. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation and the United States Marshal Service in its secure custody and control.

8. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties as to the above referenced specific properties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

9. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

10. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

11. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

12. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

13. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 9/8/26

Robert S Huie

Honorable Robert S. Huie
United States District Judge